### HIGHTOWER *v.* STILLWELL.

Opinion delivered March 25, 1929.

*Gustave Jones* and *J. H. Wharton,* for appellant.

*Fred M. Pickens,* for appellee.

HUMPHREYS, J. This is a suit in replevin brought before R. W. Bandy, J. P., of Union Township, in Jackson County, to repossess a motor-boat taken up by appellants on the morning of December 16, 1927, under § 8733 of Crawford & Moses' Digest, which is a part of

the salvage act of Arkansas. The section referred to is as follows:

"When any boat, vessel, raft or other property shall be lost or wrecked, and in a perishable condition, upon any river in this State, or making a boundary of this State, any person may take up and secure the same at or near the place where found."

On the trial in the magistrate's court judgment was rendered in favor of appellants, from which an appeal was taken to the circuit court of Jackson County, where, upon trial *de novo*, the circuit court instructed a verdict for appellee, and rendered a judgment in accordance therewith, from which is this appeal.

Appellants testified, in substance, that they captured the boat floating down the river about three and one-half miles from Newport, but were unable to tow it up-stream with their small boat, so pulled it into an adjoining overflowed field and tied it to a tree; that they went home for breakfast, and, after eating, returned and pumped the water out of the boat, and ran it by its own power back to Newport, and tied it up above the ferry; that, after tying it up, one of the appellees, Sylvester Stillwell, appeared and claimed it, but refused to pay salvage for the recovery thereof; that they told him not to move the boat, and went to the office of the justice of the peace and made an affidavit as takers-up of the boat under the salvage act; that, upon their return, Sylvester Stillwell had taken possession of the boat and removed it to the other side of the river, and tied it to his houseboat; they then brought replevin to recover possession thereof, but Sylvester Stillwell furnished cross-bond and retained it. Their testimony was corroborated by other witnesses introduced by them.

Sylvester Stillwell testified that the boat was owned by D. A. Fox, but that he had had it in charge himself for over a year by agreement with Fox; that, preparatory to taking a trip in the boat on December 16, 1927, he cleaned it up and filled the gasoline tank the day before;

that when he got up the following morning the boat had disappeared, and that he employed D. H. Bobbit, who owned a gasoline boat, to take him in search of it; they went down the river about twenty miles, and, not finding it, returned, and found it tied up above the ferry; he told Hightower it was his boat, and asked him how much he charged for bringing it back; that Hightower said he wanted one-tenth of its value, which he refused to pay, but offered him five or ten dollars for his trouble, which Hightower refused to accept; that Hightower and Bobbit then got into a dispute on the bank over capturing the boat, during which time he untied same and took it across the river and tied it to his houseboat; that appellee then brought suit for the boat.

At the conclusion of the testimony each party requested a peremptory instruction in his favor and requested no other instruction. The only question therefore presented by the appeal for determination is whether the verdict of the jury, directed by the court, is sustained by any substantial evidence. Although salvage seizures entitle the salvor to retain possession of a boat until salvage is paid, the boat must be "lost or wrecked, or in a perishable condition." It is practically undisputed that it was neither lost nor wrecked nor in a perishable condition at the time of its capture. It had only drifted about three and one-half miles from its mooring, was in a good state of repair and able to run by its own motor power as soon as the water had been pumped out. The party who had it in charge was in close pursuit of it, and would have caught it had appellants not towed it into an adjoining field, where it could not be seen from the channel of the river. It does not appear that it was leaking sufficiently to have sunk. Certainly it cannot be said that the undisputed evidence showed that the boat was lost and in a perishable condition when captured. Whether the boat was lost was at least a disputed question of fact within the meaning of the salvage act, and appellants are bound by the adverse

verdict upon that point, as there is substantial evidence in the record in support thereof.

No error appearing, the judgment is affirmed.